UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:96-cr-081 |
| | ) | *Edgar* |
| MICHAEL JOSEPH KIRKPATRICK | ) | |

## MEMORANDUM AND ORDER

On August 24, 2005, defendant Michael J. Kirkpatrick ("Kirkpatrick"), a federal prisoner acting *pro se*, filed an affidavit or declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 alleging that the undersigned district judge is biased and prejudiced against him. It also captioned as a "complaint." Kirkpatrick contends that the undersigned district judge should be disqualified in this criminal case.

The Court liberally construes and treats the affidavit as a *pro se* motion by Kirkpatrick to disqualify the undersigned district judge made pursuant to 28 U.S.C. §§ 144 and 455. The gist of the motion is that Kirkpatrick claims the undersigned district judge violated the Fifth Amendment to the United States Constitution and certain provisions of the Constitution of the State of Tennessee by amending the indictment at trial and convicting Kirkpatrick for aiding and abetting under 18 U.S.C. § 2. For the following reasons, the motion to disqualify is **DENIED** as both moot and frivolous.

I.      **Background**

Kirkpatrick was found guilty after a jury trial in February 1997. This Court entered the judgment of conviction on April 30, 1997. [Court Doc. No. 90]. The judgment of conviction was affirmed on direct appeal. *United States v. Kirkpatrick*, 172 F.3d 50 (Table, text in 1998 WL 869978 (6th Cir. Dec. 1, 1998), *cert. denied*, 527 U.S. 1027 (1999).

On June 9, 2000, Kirkpatrick filed his first motion for collateral post-conviction relief pursuant to 28 U.S.C. § 2255 and it was assigned civil Case No. 1:00-cv-190. This Court entered a final judgment on September 16, 2003, denying the § 2255 motion, and Kirkpatrick did not appeal.

On September 21, 2004, Kirkpatrick filed a second or successive motion seeking post-conviction relief under 28 U.S.C. § 2255. In November 2004, this District Court properly transferred the second or successive § 2255 motion to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. Before a second or successive § 2255 motion can be filed in the District Court, it must first be authorized by the Court of Appeals for the Sixth Circuit under 28 U.S.C. § 2244. Because Kirkpatrick had not obtained the required authorization from the Court of Appeals granting him permission to file the second or successive § 2255 motion, this District Court lacked jurisdiction to adjudicate it.

After the transfer, the Court of Appeals for the Sixth Circuit assigned this matter Docket No. 04-6504. On October 26, 2005, the Court of Appeals entered an order pursuant to 28 U.S.C. § 2244 denying Kirkpatrick's motion seeking authorization to file a second or successive § 2255 motion.

There is one other wrinkle in the procedural history. In March 2005, Kirkpatrick made a motion seeking the production of public records [Court Doc. No. 122], and this Court denied it. [Court Doc. No. 123]. On March 28, 2005, Kirkpatrick filed a motion to appeal the order. [Court Doc. No. 124]. The Office of the Clerk for the United States Court of Appeals for the Sixth Circuit wrote a letter dated April 5, 2005, directing the Clerk of the District Court to docket Kirkpatrick's motion to appeal as a notice of appeal. [Court Doc. No. 125].

## II. Analysis

The motion to disqualify the undersigned district judge will be denied because the motion is moot, and it is also without merit.

### A. Motion to Disqualify is Moot

As far as this District Court is concerned, Kirkpatrick's criminal case No. 1:96-cr-81 is closed. There are no judicial proceedings currently pending before the District Court in this case. Consequently, Kirkpatrick's motion to disqualify must be denied as moot. At this juncture, there is no need for the undersigned district judge to make a determination whether it is necessary to recuse in this closed case.

### B. Motion to Disqualify Lacks Merit

Even if we assume *arguendo* that the motion to disqualify the undersigned district judge is not moot, the Court concludes that the motion must be denied because it is clearly devoid of any merit. Kirkpatrick has not met his burden of showing that disqualification or recusal is necessary and proper in this case.

28 U.S.C. §§ 144 and 455 are construed in *pari materia*. *Youn v. Track, Inc.,* 324 F.3d 409, 423 (Cir. 2003); *Green v. Nevers*, 111 F.3d 1285, 1303 (6th Cir. 1997); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988); *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Motions to disqualify under 28 U.S.C. §§ 144 and 455 are entrusted in the first instance to the sound discretion of the district judge. *Green*, 111 F.3d at 1303; *In re M. Ibrahim, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1988).

Although 28 U.S.C. § 144 appears to require automatic, mandatory disqualification once a motion and affidavit are filed, it is well settled that the district judge has the authority and the duty to examine the affidavit to determine whether it is timely and legally sufficient. *Berger v. United States*, 255 U.S. 22, 32 (1921); *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Easley*, 853 F.2d at 1355-56; *In re City of Detroit*, 828 F.2d 1160, 1164 n.2 (6th Cir. 1987).

The main difference between 28 U.S.C. § 144 and § 455 is that § 455 is self-executing. Section 455 requires a federal judge to *sua sponte* recuse for personal bias or prejudice even in the absence of a party's motion to disqualify. *Easley*, 853 F.2d at 1356; *Story*, 716 F.2d at 1091. Disqualification under § 455 is mandated if a reasonable person, knowing all of the facts and circumstances, might question the judge's impartiality. In sum, a federal judge must *sua sponte* recuse under § 455 if the judge knows of facts that would undermine the appearance of impartiality in the minds of reasonable persons. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994); *Youn*, 324 F.3d at 422-23; *Reed v. Rhodes,* 179 F.3d 453, 467 (6th Cir. 1999); *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999); *Union Planters*

*Bank v. L&J Development Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989); *Easley*, 906 F.2d at 1356; *Story*, 716 F.2d at 1090-91.

Generally, the same standard applies under 28 U.S.C. § 144. An affidavit filed under § 144 must allege specific facts which a reasonable person would believe indicate that a judge is personally biased or prejudiced against the moving party. *Youn*, 324 F.3d at 423; *Ullmo ex rel. Ullmo v. Gilmour Academy,* 273 F.3d 671, 681 (6th Cir. 2001); *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). The standard is an objective one. *Liteky*, 510 U.S. 540; *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988); *Dandy,* 998 F.2d at 1349; *Sammons*, 918 F.2d at 599. A judge need not recuse or disqualify himself based solely on the subjective view of a disgruntled party, no matter how strongly that subjective view is held. *Sammons*, 918 F.2d at 599; *Browning v. Folz*, 837 F.2d 276, 279 (6th Cir. 1988). Kirkpatrick bears the burden of showing that an objectively reasonable person would believe that the undersigned district judge is personally biased or prejudiced against him. *Consolidated Rail Corp.*, 170 F.3d at 597; *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991).

Furthermore, disqualification for personal bias or prejudice under 28 U.S.C. §§ 144 and 455 is subject to the limitation of the extrajudicial source doctrine. *Liteky*, 510 U.S. at 540; *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Youn,* 324 F.3d at 423; *United*

*States v. Howard,* 218 F.3d 556, 566 (6th Cir. 2000); *United States v. Hartsell*, 199 F.3d 812, 820 (6th Cir. 1999); *Reed*, 179 F.3d at 468; *Green*, 111 F.3d at 1303-04; *Matter of Maurice,* 73 F.3d 124, 126 (6th Cir. 1995); *In re Adams,* 31 F.3d 389, 396 (6th Cir. 1994); *Sammons*, 918 F.2d at 599; *Wheeler*, 875 F.2d at 1251-52; *Easley*, 853 F.2d at 1356; *Story*, 716 F.2d at 1090-91. The alleged bias and prejudice must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Grinnell Corp.*, 384 U.S. at 583; *accord Youn*, 324 F.3d at 423; *Sammons*, 918 F.2d at 599; *Wheeler*, 875 F.2d at 1251-52.

Kirkpatrick must allege specific, non-conclusory facts showing a personal bias or prejudice against him that emanates from an extrajudicial source as distinguished from a judicial source, i.e. court proceedings. The alleged bias or prejudice must arise out of the judge's background and associations, and not from the judge's view of the law. *Youn,* 324 F.3d at 423; *Ullmo*, 273 F.3d at 681; *Consolidated Rail Corp.*, 170 F.3d at 597; *Green,* 111 F.3d at 1303-04; *Story*, 716 F.2d at 1090-91. Kirkpatrick cannot make the requisite showing of personal bias or prejudice necessary for disqualification and recusal under 28 U.S.C. §§ 144 and 455 based on an extrajudicial source merely by arguing that the undersigned district judge has made, what Kirkpatrick believes to be, erroneous findings of fact and conclusions of law.

In *Liteky,* the Supreme Court explains several important guiding principles. Judicial rulings alone almost never constitute a valid basis to disqualify a judge on the ground of personal bias or prejudice. Only in the rarest of circumstances will a judicial decision evidence the degree of personal bias, animosity, or prejudice required for disqualification when

-6-

no extrajudicial source is involved. Almost invariably, judicial decisions may be appealed but they are not a proper basis for disqualification under 28 U.S.C. §§ 144 and 455. An opinion formed by a judge on the basis of facts introduced or events occurring in the course of judicial proceedings does not constitute a valid basis for a motion to disqualify unless the judge's opinion displays "a deep-seated favoritism or antagonism that would make fair judgment impossible." Judicial remarks and comments that are critical or disapproving of , or even hostile to, a party or counsel, or to a party's case, ordinarily do not support a motion to disqualify a judge for personal bias or prejudice. *Liteky*, 510 U.S. at 555; *see also Alley v. Bell,* 307 F.3d 380, 388 (6th Cir. 2002); *Warfield v. Lebanon Correctional Inst.,* 181 F.3d 723, 731 (6th Cir. 1999); *Green*, 111 F.3d at 1303-04; *Matter of Huntington Commons Associates*, 21 F.3d 157 (6th Cir. 1994).

The Court finds that Kirkpatrick's motion to disqualify and his affidavit are patently deficient. Kirkpatrick has not met his burden of setting forth sufficient facts to establish there is a genuine basis for an objectively reasonable person to believe that the undersigned district judge harbors any personal bias or prejudice against him emanating from an extrajudicial source. The facts alleged by Kirkpatrick are insufficient to demonstrate there exists any bias or prejudice against him under the extrajudicial source doctrine. Although Kirkpatrick is disgruntled and strongly disagrees with the undersigned district judge's rulings and decision in his criminal case, this does not constitute a sufficient factual and legal basis for disqualification or recusal. The undersigned district judge cannot be disqualified and required to recuse pursuant to 28 U.S.C. §§ 144 and 455 merely because Kirkpatrick disagrees with this judge's views of the facts and the law.

Moreover, the decisions rendered by the undersigned district judge in this criminal case do not contain any improper comments or remarks that display a deep-seated personal bias, prejudice, or antagonism against Kirkpatrick that would make fair and impartial judgment impossible. Kirkpatrick may subjectively believe that the undersigned district judge is biased or prejudiced against him. However, a judge need not recuse based on the subjective views of Kirkpatrick, no matter how strongly those subjective views are held. *Sammons*, 918 F.2d at 599; *Browning*, 837 F.2d at 279.

Kirkpatrick argues there is bias and prejudice based on the specious theory that is was improper for the Court to give instructions to the jury on aiding and abetting under 18 U.S.C. § 2 and to render a judgment of conviction against Kirkpatrick when aiding and abetting was not explicitly charged in the indictment. In an effort to conjure up a claim of bias and prejudice, Kirkpatrick alleges that the undersigned district judge unlawfully amended the indictment at trial to allow Kirkpatrick to be found guilty and convicted for aiding and abetting. Kirkpatrick's argument on this point is simply wrong as a matter of law.

During Kirkpatrick's trial in February 1997, the Court correctly gave an aiding and abetting instruction to the jury concerning Count Four of the indictment. It is immaterial whether aiding and abetting, 18 U.S.C. § 2, is explicitly charged in the indictment against Kirkpatrick. It is well settled that aiding and abetting is implicitly embodied in every federal indictment. The law does not require that aiding and abetting, 18 U.S.C. § 2, be specifically charged in indictments. Aiding and abetting is merely a theory of criminal liability, not a substantive offense, and need not be explicitly charged in indictments. *Nye & Nisson v. United*

*States,* 336 U.S. 613, 619 (1949); *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002); *United States v. Taniguchi*, 49 Fed. Appx. 506, 520 (6th Cir. Oct. 11, 2002); *United States v. McQueen*, 966 F.2d 1455 (Table, text in 1992 WL 112279, * 4 (6th Cir. May 20, 1992)); *United States v. Brooks*, 893 F.2d 1335 (Table, text in 1990 WL 2656, ** 3-4 (6th Cir. Jan. 17, 1990)); *United States v. Maselli*, 534 F.2d 1197, 1200 (6th Cir. 1976); *United States v. Lester*, 363 F.2d 68, 72 (6th Cir. 1966); *see also*, *United States v. Foley*, 110 Fed. Appx. 611, 613 (6th Cir. Sept. 16, 2004).

Even if Count Four of the indictment did not explicitly charge aiding and abetting under 18 U.S.C. § 2, it was entirely proper for the Court to give an aiding and abetting instruction to the jury and to render the judgment of conviction against Kirkpatrick. The undersigned district judge did not violate any rights guaranteed to Kirkpatrick under the United States Constitution and the Tennessee Constitution. An objectively reasonable person reviewing the record and the applicable law in this criminal case could not believe that Kirkpatrick has demonstrated any bias and prejudice.

**III.** *Conclusion*

Accordingly, Kirkpatrick's motion to disqualify the undersigned district judge pursuant to 28 U.S.C. §§ 144 and 455 is **DENIED**.

SO ORDERED.

ENTER this *14th day of November, 2005*.

                                                */s/  R. Allan Edgar*
                                                R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE