UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:96-cr-81 |
| | ) | Judge Edgar |
| | ) | |
| MICHAEL JOSEPH KIRKPATRICK | ) | |

**MEMORANDUM**

Federal prisoner Michael Joseph Kirkpatrick ("Kirkpatrick") has filed two similar *pro se*

petitions attacking the validity of his judgment of conviction. He seeks post-conviction habeas relief

by demanding that this Court vacate the judgment of conviction and release him from imprisonment.

Kirkpatrick insists that his petitions not be construed as being brought under any federal statutes,

especially 28 U.S.C. §§ 2241 and 2255.

Kirkpatrick previously made a motion pursuant to 28 U.S.C. § 2255 which was denied. At

this juncture, he cannot file a second or successive § 2255 motion unless he obtains authorization

from the Sixth Circuit Court of Appeals as required by 28 U.S.C. §§ 2244(b)(3) and 2255(h). In an

effort to evade and circumvent the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h),

Kirkpatrick insists that his petitions not be treated as second or successive § 2255 motions.

In the first petition [Doc. No. 128], Kirkpatrick demands that the Court issue an "original"

writ of habeas corpus based solely on the United States Constitution. In the second petition [Doc.

No. 129], Kirkpatrick seeks post-conviction habeas relief by way of what he mislabels a petition for

1

redress of grievances against the United States government under the First Amendment to the United States Constitution. Because of the manner in which Kirkpatrick has deliberately chosen to plead and present his two petitions, the Court will not recharacterize them as second or successive § 2255 motions. The petitions will not be transferred to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631 based on *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

After reviewing the record, the Court concludes that both petitions will be denied and dismissed without prejudice on the ground of lack of subject matter jurisdiction. The correct avenue for Kirkpatrick to seek post-conviction relief is 28 U.S.C. § 2255.

## I. Facts

On January 7, 1997, a federal grand jury in the Eastern District of Tennessee returned an eight-count superseding indictment against Kirkpatrick. He was charged in Count One with possession of a firearm, a destructive device described as a "pineapple type" hand grenade, in violation of 26 U.S.C. § 5861(c). Count Two charged Kirkpatrick with possession of a firearm, a destructive device described as a "pineapple type" hand grenade, which was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d).

Kirkpatrick was charged in Count Three with possessing a firearm, a destructive device described as a "pineapple type" hand grenade, which was not identified by a serial number in violation of 26 U.S.C. § 5861(i). Count Four charged that Kirkpatrick violated 18 U.S.C. § 844(i) by using a "pineapple type" hand grenade to maliciously damage and destroy a building and other real and personal property, that is, the Chalet Motel in Cleveland, Tennessee. Count Five charged that Kirkpatrick, during and in relation to a crime of violence, used and carried a destructive device, the "pineapple-type" hand grenade, in violation of 18 U.S.C. § 924(c).

2

Count Six charged that Kirkpatrick, having previously been convicted of a felony, violated 18 U.S.C. § 922(g) by knowingly possessing in and affecting commerce five firearms: an AMT .380 pistol; a Colt AR-15 rifle; a Norinco SKS rifle; a Marlin 9-millimeter rifle; and a Norinco 7.62 x 25 pistol.  Count Seven charged him with violating 26 U.S.C. § 5861(d) for possessing a firearm, a silencer, which was not registered to him in the National Firearms Registration and Transfer Record. Count Eight charged that Kirkpatrick, having previously been convicted of a felony, knowingly possessed in and affecting commerce approximately 516 rounds of ammunition, in violation of 18 U.S.C. § 922(g).

The case went to trial in February 1997.  The jury returned a verdict of not guilty on Count Seven, and the jury found Kirkpatrick guilty on all other counts.  This Court entered the judgment of conviction on April 29, 1997. [Doc. No. 90].  He was sentenced to a term of imprisonment of 70 months on each of Counts One, Two, Three, Four, Six and Eight, to run concurrently, and to a term of imprisonment of 360 months on Count Five, to run consecutively to all other terms, for a total sentence of 430 months imprisonment.

Kirkpatrick took an unsuccessful direct appeal.  The judgment of conviction was affirmed by the Sixth Circuit Court of Appeals, and the Supreme Court denied his petition for writ of certiorari.  *United States v. Kirkpatrick*, 172 F.3d 50 (Table, text in 1998 WL 869978 (6th Cir. Dec. 1, 1998), *cert. denied*, 527 U.S. 1027 (1999).

On June 9, 2000, Kirkpatrick filed his first motion for post-conviction relief pursuant to 28 U.S.C. § 2255 and it was assigned Civil Case No. 1:00-cv-190.  This Court entered a judgment on September 16, 2003, denying the first § 2255 motion.  Kirkpatrick did not take an appeal to the Sixth Circuit Court of Appeals from the decision.

On September 21, 2004, Kirkpatrick filed a second or successive § 2255 motion which was assigned Civil Case No. 1:04-cv-299. Before a second or successive § 2255 motion can be filed in the District Court, it must be authorized by the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255(h). Because Kirkpatrick had not obtained the required authorization from the Sixth Circuit permitting him to file a second or successive § 2255 motion, this District Court lacked jurisdiction to adjudicate it. On November 19, 2004, this Court transferred the second or successive § 2255 motion to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631 as required by *Sims*, 111 F.3d 45. After transfer the Sixth Circuit assigned it Docket No. 04-6504. On October 26, 2005, the Sixth Circuit denied authorization to file the second or successive § 2255 motion.

Kirkpatrick has now filed *pro se* petitions again seeking post-conviction habeas relief. [Doc. Nos. 128, 129]. He attempts to bypass the gatekeeping requirements in 28 U.S.C. §§ 2244(b)(3) and 2255(h) by insisting that his petitions not be construed as being brought pursuant to any federal statutes, including 28 U.S.C. §§ 2241 and 2255.

Kirkpatrick raises a myriad of convoluted legal arguments. For purposes of this memorandum and order, it is not necessary to address all of Kirkpatrick's frivolous arguments and legal theories. The Court will confine itself here to: (1) describing and clarifying the nature of the instant petitions to demonstrate that they are actually petitions for post-conviction habeas relief by a federal prisoner that should fall under 28 U.S.C. § 2255; and (2) explaining why this Court lacks jurisdiction to grant the habeas relief demanded in the petitions.

II.   **First Petition**

The first petition is captioned "PETITION or APPLICATION FOR IMMEDIATE RELEASE BECAUSE OF "ACTUAL and FACTUAL INNOCENCE" THE JUDGMENT ORDER

IS NULL and VOID AB-INITIO." [Doc. No. 128]. On the first page Kirkpatrick states that his affidavit of actual innocence should not be construed "to be anything statutory." Kirkpatrick does not want the Court to treat the petition as being brought pursuant to 28 U.S.C. §§ 2241 or 2255. In the second paragraph on page 5 of the petition, Kirkpatrick states: "The Petitioner is not filing any Section 2255, or 2241, the Petition Filed has the same affect (sic) as The Original Habeas Corpus defined in Article I, Section IX, Clause II of the United States Constitution."

Kirkpatrick contends he has a right to an "original" writ of habeas corpus derived from and based solely on the United States Constitution. He relies on the Suspension of Habeas Corpus Clause in Article I, Section 9, Clause 2 of the Constitution. The main thrust of the first petition is that Kirkpatrick claims he is entitled under the Constitution to an "original" writ of habeas corpus vacating his judgment of conviction and releasing him from imprisonment. He demands that the record of his criminal conviction be expunged, and that the indictment be dismissed with prejudice.

Kirkpatrick floats the theory that he cannot be indicted, convicted, and sentenced under federal statutes for the criminal offenses charged in the superseding indictment because they are not expressly enumerated as crimes in the Constitution. Kirkpatrick contends he has absolute "birthright immunity" from federal criminal prosecution unless the criminal offenses charged in the indictment are explicitly provided in the "Enumerations" of the Constitution. It is argued that in order for Kirkpatrick to be indicted and convicted of committing any federal crimes, the particular crimes charged must be enumerated in the Constitution and not merely provided in statutes enacted by Congress. Kirkpatrick asserts that the Constitution does not authorize what he refers to as "statutory prosecutions." Based on this premise, Kirkpatrick contends he is actually innocent of committing any federal crimes arguing that he was unlawfully indicted, prosecuted, convicted, and sentenced

under federal statutes instead of the "Enumerations" of the Constitution.

On page 3 of the first petition [Doc. 128, p. 3], Kirkpatrick contends that direct appeal is an ineffective and inappropriate remedy because the Sixth Circuit Court of Appeals takes months and sometimes more than a year to decide a direct appeal. He says that the "statutory" Court of Appeals does not provide the relief which is required in this case based on his "fundamental rights" which existed antecedent to the United States Constitution, but which are secured by the Constitution.

The Court infers that Kirkpatrick's reference to "fundamental rights" in this context means the purported right to an "original" writ of habeas corpus which existed at English common law antecedent to the United States Constitution. When Kirkpatrick talks about direct appeal being an ineffective remedy, it is not clear whether he means a direct appeal from his judgment of conviction, or an appeal from an order or judgment denying a 28 U.S.C. § 2255 motion. As discussed *supra*, Kirkpatrick did take a direct appeal to the Sixth Circuit from his judgment of conviction and the judgment was affirmed by the Sixth Circuit. *Kirkpatrick*, 1998 WL 869978.

The first petition asserts that "statutory habeas corpus" under 28 U.S.C. §§ 2241 and 2255 is an ineffective remedy and will not provide Kirkpatrick with the "original" habeas relief to which he claims he is entitled under the Constitution. The petition states: "Article I, Section IX, Clause II Habeas Corpus has Un-Disputably (sic) been suspended, and when any Petitioner files an Article I, § IX, Clause II, Habeas Corpus the 'STATUTORY UNITED STATES DISTRICT COURT,' always construes it to be a STATUTORY 2241 Habeas Corpus, and denies the relief of (sic) which the Petitioner is entitled." [Doc. 128, p. 3].

This statement contains two of Kirkpatrick's main theories. Kirkpatrick argues that: (1) Article I, Section 9, Clause 2 of the Constitution is an independent source of constitutional

6

jurisdiction and authority for federal district courts to issue writs of "original" habeas corpus separate and apart from 28 U.S.C. §§ 2241 and 2255; and (2) when the courts construe federal prisoners' habeas petitions as falling under 28 U.S.C. § 2255, and when federal courts apply and enforce the gatekeeping requirements in 28 U.S.C. §§ 2244(b)(3) and 2255(h) for obtaining authorization from the Court of Appeals to file second or successive § 2255 motions, then the federal courts are in effect suspending the "original" constitutional writ of habeas corpus in violation of Article I, Section 9, Clause 2 of the Constitution. Thus, Kirkpatrick challenges the validity of the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h) that establish the standards governing and limiting the right of federal prisoners to file second or successive § 2255 motions and the jurisdiction of the federal courts to adjudicate such motions.

## III. <u>Second Petition</u>

The second petition [Doc. No. 129] presents some of the same claims, arguments, and demands for habeas relief in a more abbreviated form but with a new twist. It is mislabeled as a petition to the United States government for redress of grievances under the First Amendment to the Constitution but is actually in the nature of a petition seeking post-conviction habeas relief. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. The traditional function of the writ of habeas corpus is to secure release from custody. *Preiser*, 411 U.S. at 484; *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986).

The second petition uses the phrase "habeas corpus ad subjiciendum" [Doc. No. 129, pp. 2, 7] which is a reference to the writ of habeas corpus. *Stone v. Powell*, 428 U.S. 465, 474-75 n. 6 (1976); *Preiser v. Rodriguez*, 411 U.S. 475, 484 and n. 2 (1973) (habeas corpus ad subjiciendum

7

refers to the common-law writ used to inquire into the legality of detention with a view to obtaining a court order releasing the petitioner-detainee); *Fay v. Noia*, 372 U.S. 391, 399 n. 5 (1963).

Kirkpatrick argues that the First Amendment does not provide authority for this Court to construe and treat a petition for redress of grievances to be "anything statutory." He asserts that the Court is prohibited from construing his second petition as one brought under 28 U.S.C. §§ 2241 and 2255, or any other "statutory appeal." Kirkpatrick contends that if this Court were to construe the petition for redress of grievances as being brought under 28 U.S.C. §§ 2241 and 2255, it would violate his "fundamental rights," i.e. violate his "fundamental" First Amendment right to petition the government for redress of grievances and violate his right to an "original" writ of habeas corpus under the Constitution.

The second petition challenges the legality of Kirkpatrick's judgment of conviction and imprisonment. It demands that a writ of habeas corpus be issued for his immediate release from imprisonment. Similar to his first petition, Kirkpatrick again claims that he has been convicted and imprisoned in violation of the United States Constitution and other federal laws. He asserts that the superseding indictment was fatally defective on the theory that it did not charge Kirkpatrick with committing any crimes expressly enumerated in the Constitution.

It is further claimed that the indictment did not charge Kirkpatrick with committing federal crimes within the territorial jurisdiction of the United States. This claim is patently frivolous. The superseding indictment charged Kirkpatrick with committing the criminal offenses within the Eastern District of Tennessee which is most certainly within the territorial jurisdiction of the United States of America.

Kirkpatrick contends that this Court lacked jurisdiction to hold the trial, enter the judgment

of conviction, and sentence him. It is claimed that the "statutory convictions and sentences" in Kirkpatrick's underlying criminal case are in violation of the Constitution. As a remedy, the petition for redress of grievances demands that this Court issue a writ of habeas corpus for his immediate release from imprisonment. The petition cites the Suspension of Habeas Corpus Clause in Article I, Section 9, Clause 2 of the Constitution.

## IV.   Analysis

### A.   The Court Will Not Recharacterize Petitions as Second or Successive Motions Under 28 U.S.C. § 2255

At first blush, the Court is tempted to treat the *pro se* petitions as second or successive 28 U.S.C. § 2255 motions and transfer them to the Sixth Circuit Court of Appeals under *Sims*, 111 F.3d 45. 28 U.S.C. § 2255 is the primary way for federal prisoner Kirkpatrick to collaterally attack and challenge the validity of his judgment of conviction. Absent extraordinary circumstances (actual innocence), a petition for writ of habeas corpus under 28 U.S.C. § 2241 is reserved only for challenges to the execution of a prisoner's sentence, not the judgment of conviction itself. *Lott v. Davis*, 105 Fed. Appx. 13 (6th Cir. 2004); *Brice v. Snyder*, 82 Fed. Appx. 444, 446 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *United States v. Wooden*, 2008 WL 5110790 (E.D. Tenn. Nov. 26, 2008).

28 U.S.C. § 2255(h) provides that before a second or successive § 2255 motion may be filed in the District Court, it must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate Court of Appeals to contain either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Pursuant to 28 U.S.C.§ 2244(b)(3)(C) a federal prisoner is required to make a *prima facie* showing that he is entitled to relief before permission to file a second or successive § 2255 motion can be granted. *Charles*, 180 F.3d at 758. 28 U.S.C. §§ 2244(b)(3) and 2255(h) provide a valid gatekeeping process for motions by federal prisoners that amount to second or successive § 2255 motions. *Cf. Felker v. Turpin*, 518 U.S. 651, 657 (1996) (applying 28 U.S.C. §§ 2244(b) gatekeeping requirements to state prisoner's.second or successive habeas petition).

When a federal prisoner attempts to file a second or successive § 2255 motion without prior authorization from the Court of Appeals under 28 U.S.C. §§ 2244(b)(3) and 2255(h), this District Court is required to transfer it to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *Sims*, 111 F.3d at 47; *see also In re Nailor*, 487 F.3d 1018 (6th Cir. 2007); *Hourani v. United States*, 239 Fed. Appx. 195, 198 (6th Cir. 2007); *King v. United States*, 63 Fed. Appx. 793, 795 (6th Cir. 2003); *United States v. Cottage*, 307 F.3d 494, 500 (6th Cir. 2002); *McCall v. United States*, 27 Fed. Appx. 463, 464 (6th Cir. 2001).

The pleadings of *pro se* prisoners are liberally construed and held to a less stringent standard than those prepared by attorneys. As a general rule, *pro se* pleadings are liberally construed when determining whether they state a viable claim upon which relief can be granted. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). This standard of leniency for *pro se* pleadings is not boundless. *Pro se* litigants must comply with minimum pleading standards. The Court is not required to assume or conjure up allegations and

10

claims on behalf of a *pro se* litigant which he fails to plead. *Martin*, 391 F.3d at 714; *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal courts sometimes exercise their discretion to ignore the incorrect legal label that a *pro se* litigant attaches to a pleading or motion and recharacterize it for the purpose of placing it within a different legal category. *Castro v. United States*, 540 U.S. 375, 381 (2003). The federal courts may do so to: (1) avoid unnecessary dismissal; (2) avoid inappropriately stringent applications of formal labeling requirements; or (3) create a better correspondence between the substance of a *pro se* claim and its underlying legal basis. *Id.* at 381-82.

In *United States v. McDonald*, 2009 WL 1034950, * 2 (6th Cir. April 17, 2009), the Sixth Circuit explains that the federal courts often liberally construe the post-judgment filings of *pro se* criminal defendants "for efficiency's sake and out of a sense of fairness to pro se petitioners." *Id.* (quoting *United States v. Miller*, 197 F.3d 644, 646 (3rd Cir. 1999)). The Sixth Circuit has approved of and sanctioned similar practices. Many prisoners file inartfully drafted *pro se* post-conviction motions without specifying the legal basis for the requested relief. In an effort to assist *pro se* prisoners who are unaware of the applicable statutory framework governing post-conviction relief, the courts often liberally construe and recharacterize such filings. The courts may recharacterize a prisoner's *pro se* motion for post-conviction relief to fit inartfully pleaded claims into the proper avenues for relief. *McDonald*, 2009 WL 1034950 at * 2; *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002). For example, *pro se* motions by federal prisoners relying on Fed. R. Civ. P. 60(b) and 18 U.S.C. § 3582(c)(2), that challenge the validity of judgments of conviction and seek habeas relief, may be liberally construed and recharacterized as second or successive 28 U.S.C. § 2255 motions.

11

*United States v. Carter*, 500 F.3d 486 (6th Cir. 2007); *Nailor*, 487 F.3d 1018.

There are limits on the discretion of the courts to recharacterize *pro se* prisoner motions for post-conviction relief. *See e.g. Castro*, 540 U.S. 375; *Martin*, 391 F.3d 710; *Shelton*, 295 F.3d 620. In *Greenlaw v. United States*, 128 S.Ct. 2559, 2564 (2008), the Supreme Court recognizes that in our adversary system of justice, in criminal and civil cases, the courts must follow the fundamental principal of party presentation. We rely on the parties to plead and frame the particular claims and issues in dispute. The courts are assigned the role of neutral arbiter of the matters presented by the parties. To the extent that federal courts have departed from the party presentation principal in criminal cases and exercised discretion to recharacterize *pro se* pleadings or motions, the justification has usually been to protect the rights of inexperienced or confused *pro se* litigants. *Id*. (citing *Castro*, 540 U.S. at 381-83).

Kirkpatrick insists that his petitions should not be construed as being brought under 28 U.S.C. § 2255. Kirkpatrick states that his petitions are brought solely under the United States Constitution. Kirkpatrick has deliberately made a knowing, informed decision to plead and present his petitions in this manner. This is not a situation where Kirkpatrick is confused or unaware of the law governing 28 U.S.C. § 2255 motions by federal prisoners for post-conviction relief. He is familiar with and fully aware of the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h) since the Sixth Circuit Court of Appeals previously denied him authorization to file a second or successive § 2255 motion. Under these circumstances, this Court will not recharacterize Kirkpatrick's instant *pro se* petitions as second or successive § 2255 motions.

When a *pro se* litigant expressly insists that the Court rule on his petition or motion exactly as presented, the Court should refrain from recharacterizing it. The Court should not override and

disregard the *pro se* litigant's deliberate choice of the procedural vehicle for presenting and pleading his claim.  In his concurring opinion in *Castro*, 540 U.S. 375, Justice Scalia explains that the practice of judicial recharacterization of *pro se* pleadings is a mutation of the principle that the allegations in a *pro se* litigant's complaint may be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  Liberal construction of *pro se* pleadings is an embellishment of the notice-pleading standard in the Federal Rules of Civil Procedure, and is consistent with the principle of American jurisprudence that "the party who brings a suit is master to decide what law he will rely upon."  *Castro*, 540 U.S. at 386 (Scalia, J., concurring in part and concurring in judgment) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)).

Justice Scalia in *Castro* goes on to state: "Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."  *Castro*, 540 U.S. at 386.  This statement by Justice Scalia is quoted with approval in *Greenlaw*, 128 S.Ct. at 2564.  The *Greenlaw* Court goes on to further observe that the federal courts "do not, or should not sally forth each day looking for wrongs to right.  We wait for cases to come to us, and when they do we normally decide only questions presented by the parties." *Greenlaw*, 128 S.Ct. at 2564 (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1298, 1301 (1987) (R. Arnold, J., concurring)).

The principle of party presentation in prisoner habeas cases is illustrated in the following Sixth Circuit opinions.  In the case of *In re Walker*, 238 F.3d 426 (unpublished, text in 2000 WL 1517155 (6th Cir. Aug. 4, 2000)), federal prisoner Walker's 28 U.S.C. § 2255 motion was denied. He subsequently filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 asserting that his remedy under § 2255 was inadequate or ineffective to test the legality of his judgment of conviction.

13

The district court determined that Walker failed to establish his § 2255 remedy was inadequate or ineffective which would permit him to seeks habeas relief under § 2241. The district court construed the § 2241 habeas petition as a second or successive § 2255 motion and transferred it to the Sixth Circuit Court of Appeals pursuant to *Sims* so that the Sixth Circuit could decide whether to authorize a second or successive § 2255 motion. The district court in *Walker* did not issue an order denying habeas relief under § 2241, but instead merely transferred the case to the Sixth Circuit based on *Sims* for consideration under 28 U.S.C. §§ 2244 and 2255.

On appeal to the Sixth Circuit, Walker argued that the district court improperly transferred without ruling on the § 2241 habeas petition. Walker contended that he was not seeking permission to file a second or successive § 2255 motion. The Sixth Circuit agreed with Walker and transferred the case back to the district court for further proceedings on the § 2241 habeas petition. The Sixth Circuit gave several reasons, two of which are pertinent here. One reason was that Walker expressly stated he did not seek permission to file a second or successive § 2255 motion. The Sixth Circuit said it was "disinclined to issue a ruling not sought by the litigant." *Walker*, 2000 WL 1517155 at * 1. Moreover, the Sixth Circuit reasoned that the district court's transfer was not consistent with or required by *Sims*, 111 F.3d 45, 47. *Sims* did not apply to the § 2241 habeas petition because the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255 only apply to second or successive applications for relief under 28 U.S.C. §§ 2254 and 2255, and not to habeas petitions filed under 28 U.S.C. § 2241. *Walker*, 2000 WL 1517155 at * 1. On this latter point, the Sixth Circuit cited as authority *Felker*, 518 U.S. at 658 (gatekeeping provisions of 28 U.S.C. § 2244 do not apply to 28 U.S.C. § 2241 habeas petitions that may be filed as original actions in the Supreme Court of the United States).

14

In *Martin*, 391 F.3d 710, the Sixth Circuit held that where a state prisoner mistakenly filed a 28 U.S.C. § 2254 habeas petition, the district court was not required to liberally construe it as a 42 U.S.C. § 1983 civil rights suit. Although the substance of a pleading rather than the label placed on it should control, a *pro se* litigant bears responsibility for identifying his own claims. The district court should have dismissed the § 2254 habeas petition without prejudice to allow the *pro se* prisoner an opportunity to raise his claims in a 42 U.S.C. § 1983 action. *Id.* at 714; *accord Erwin v. Edwards*, 22 Fed. Appx. 579 (6th Cir. 2001).

*Walker*, *Martin*, *Greenlaw*, 128 S.Ct. at 2564, and Justice Scalia's concurring opinion in *Castro*, 540 U.S. at 386, are instructive here. Applying the principal of party presentation, this Court will consider Kirkpatrick's *pro se* petitions as presented and pleaded by him. The petitions will not be recharacterized as second or successive motions under 28 U.S.C. § 2255 because Kirkpatrick insists that the Court not do so. The petitions will not be transferred to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631 and *Sims*, 111 F.3d 45.

## B.    First Petition

The first petition [Doc. No. 128] must be denied on the ground of lack of jurisdiction. In the absence of either a motion under 28 U.S.C. § 2255 or an application for writ of habeas corpus under 28 U.S.C. § 2241, this Court lacks jurisdiction to grant post-conviction habeas relief to federal prisoner Kirkpatrick. The District Court does not have jurisdiction to issue what Kirkpatrick calls an "original" writ of habeas corpus based solely on the United States Constitution that is outside of and beyond the jurisdiction conferred by Congress pursuant to 28 U.S.C. §§ 2241 and 2255.

Kirkpatrick claims he is entitled to habeas relief predicated on his "fundamental rights" under the Constitution. The main thrust of Kirkpatrick's argument is that this District Court derives its

jurisdiction to issue "original" writs of habeas corpus directly from the Constitution, and perhaps common law that existed antecedent to the Constitution. Kirkpatrick contends that this Court's "original" habeas jurisdiction under the Constitution is not governed and restricted by any federal statutes, especially 28 U.S.C. §§ 2241, 2244, and 2255.

Kirkpatrick further asserts that if the courts apply and enforce the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h), it would constitute a suspension of the writ of habeas corpus in violation of Article I, § 9, Clause 2 of the United States Constitution which provides that "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

These arguments are without merit for the following reasons. Federal courts are not courts of general jurisdiction. Federal courts are courts of limited jurisdiction, and they possess only the jurisdiction and powers authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001); *Douglas v. E.G. Baldwin & Associates, Inc.*, 150 F.3d 604, (6th Cir. 1998).

This limited jurisdiction cannot be expanded by judicial decree. *Kokkonen*, 511 U.S. at 377; *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is presumed that a cause of action lies outside this limited jurisdiction. Because Kirkpatrick is the party seeking to invoke this Court's jurisdiction, he bears the burden of rebutting the presumption and establishing jurisdiction. *Kokkonen*, 511 U.S. at 377; *Fisher*, 249 F.3d at 444; *Douglas*, 150 F.3d at 606. The first and most

fundamental question presented by every case brought to federal court is whether the court has jurisdiction to hear and adjudicate the case. *Caudill v. North American Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000); *Douglas*, 150 F.3d at 606-07.

The writ of habeas corpus existed in English common law several centuries ago. By the time the American Colonies achieved their independence from England after the Revolutionary War, habeas corpus had become an integral part of our American common-law heritage. The writ of habeas corpus was part of our common law antecedent to the United States Constitution. *Rasul v. Bush*, 542 U.S. 466, 473-74 (2004); *Preiser*, 411 U.S. at 484-85. Moreover, the writ of habeas corpus is explicitly recognized in Article I, Section 9, Clause 2 of the Constitution. *Rasul*, 542 U.S. at 474; *Preiser*, 411 U.S. at 485.

To understand and determine the meaning of the term "habeas corpus" and the appropriate use of the writ of habeas corpus in the federal courts, we look to the common law, and the history and general principles of habeas corpus practice in England and the United States, together with decisions of the United States Supreme Court that have interpreted and applied the common-law principles which define use of the writ of habeas corpus. 39 C.J.S. Habeas Corpus § 251.

But this does not necessarily lead us to jump to the unwarranted conclusion that federal district courts have the inherent jurisdiction under the Constitution and common law to issue "original" writs of habeas corpus without being bound by the standards of review and limits on jurisdiction provided in the applicable habeas statutes enacted by Congress. In determining the proper source and scope of this Court's jurisdiction to issue writs of habeas corpus, Kirkpatrick misconceives and fails to understand the true scope of jurisdiction authorized by Article III of the Constitution, and the constitutional authority of Congress to enact statutes that confer and limit the

17

habeas jurisdiction of federal district courts.

There is no provision in the Constitution that expressly grants federal district courts any jurisdiction to issue writs of habeas corpus in the absence of a statute enacted by Congress authorizing such jurisdiction. The general power to issue a writ of habeas corpus is given to federal courts only by implication in the Constitution. *Shirakura v. Royall*, 89 F. Supp. 713, 714 (D.C.D.C. 1949). The use of the writ of habeas corpus as an incident of the judicial power of federal courts is implicitly recognized in Article I, § 9, Clause 2 of the Constitution which places a limit on when the privilege of the writ of habeas corpus may be suspended. However, Article I, § 9, Clause 2 is not itself an independent source of jurisdiction for federal courts to issue the writ of habeas corpus.

The jurisdiction of federal courts originates in Article III, Section 1 of the Constitution which provides in part: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." *See Douglas*, 150 F.3d at 607. Article III, Section 2 of the Constitution creates and establishes the boundaries for the limited jurisdiction of the federal courts. Within the boundaries of jurisdiction provided in Article III, Section 2, Congress has considerable discretion in controlling and limiting the scope of jurisdiction of the lower federal courts. *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1146-47 (6th Cir. 1975); 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3526 (1984).

Article I, Section 8, Clause 9 of the Constitution provides that Congress has the power to "constitute Tribunals inferior to the supreme Court." The Constitution does not require or mandate that Congress create federal courts that are inferior to the Supreme Court. Rather, Congress has the power and discretion to create lower federal courts such as the United States District Courts and the

18

Courts of Appeal if it so chooses, but Congress is not required to do so.

Congress has the power to authorize and set limits on the jurisdiction that the lower federal courts may exercise under Article III of the Constitution. When Congress exercises its discretionary power to create lower federal courts, Congress is not required to invest lower federal courts with all of the jurisdiction that it is authorized to bestow under Article III of the Constitution. *Ankenbrandt v. Richards*, 504 U.S. 689, 697 (1992); *Palmore v. United States*, 411 U.S. 389, 401 (1973). Congress has the power under the Constitution to invest the lower federal courts with such jurisdiction as Congress deems necessary, as long as the jurisdiction conferred by Congress is consistent with and does not exceed the judicial authority provided in Article III of the Constitution.

In the exercise of its constitutional powers to create lower federal courts, Congress may invest them with jurisdiction, either limited, concurrent or exclusive, and withhold jurisdiction from them in the exact degrees and character which Congress deems proper. *Ankenbrandt*, 504 U.S. at 698; *Insurance Corp. of Ireland*, 456 U.S. at 701 (Jurisdiction of the lower federal courts is limited to those subjects encompassed within a statutory grant of jurisdiction authorized by Congress); *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 371-72 (1978) (The jurisdiction of federal courts is limited not only by Article III of the Constitution, but also by Acts of Congress); *Palmore*, 411 U.S. at 401; *Kline v. Burke Construction Co.*, 260 U.S. 226, 234 ( 1922); *Cary v. Curtis*, 3 How. 236, 245, 11 L.Ed.2d 576 (1845); *Malamud*, 521 F.2d at 1146-47 (Although the judicial power and jurisdiction of the federal courts is provided in Article III of the Constitution, it remains for Congress to allocate this judicial power; to grant or withhold from the federal courts jurisdiction in specific types of cases); *Shirakura*, 89 F. Supp. at 714-15 ("The jurisdiction of a federal district court or judge is exactly that conferred by Congress, no more, no less.").

19

Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other lower, inferior federal court created by Congress derives its jurisdiction from the authority of Congress. Congress may give, withhold or restrict jurisdiction for the lower federal courts at its discretion, provided that the jurisdiction conferred by Congress does not exceed the boundaries fixed by Article III of the Constitution. *Kline*, 260 U.S. at 234. The Constitution simply gives to the lower federal courts the capacity to take jurisdiction in the cases enumerated in the Constitution, but it requires an act of Congress to confer jurisdiction on the lower federal courts. *Id.*; *The Mayor v. Cooper*, 6 Wall. 247, 252, 18 L.Ed.851 (1868).

With regard to the lower federal courts, two things are necessary to create jurisdiction, whether original or appellate jurisdiction. Article III of the Constitution must give the lower federal courts the capacity to take jurisdiction, and an act of Congress must authorize and supply the jurisdiction. To the extent that Congress does not act to confer jurisdiction on the lower federal courts, "the power lies dormant." *Finley v. United States*, 490 U.S. 545, 548 (1989); *The Mayor*, 6 Wall. 247, 252, 18 L.Ed.851.

The Supreme Court has long recognized that "for the meaning of the term *habeas corpus*, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law." *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 93, 2 L.Ed.2d 554 (1807); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Carbo v. United States*, 364 U.S. 611, 614 (1961); *Souter v. Jones*, 395 F.3d 577, 597 (6th Cir. 2005). Decisions about the proper scope of the writ of habeas corpus are "normally for Congress to make." *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996); *see also Felker*, 518 U.S. at 664; *Souter*, 395 F.3d at 597.

In *Bollman*, the Supreme Court recognized that the Constitution alone does not give federal

courts the power and authority to grant writs of habeas corpus, therefore, the Suspension of Habeas Corpus Clause in Article I, Section 9, Clause 2 of the Constitution was not effectual until Congress by statute gave federal courts the power to issue writs of habeas corpus. Federal courts under the Constitution do not retain some form of residual common law authority and jurisdiction to issue writs of habeas corpus. *Bollman*, 8 U.S. (4 Cranch) at 94-95, 2 L.Ed.2d 554.

By enacting 28 U.S.C. §§ 2241 and 2255, Congress has given the federal courts jurisdiction to grant applications for habeas corpus by persons who claim to be held in custody in violation of the United States Constitution or federal laws. *Rasul*, 542 U.S. at 473. The scope of the jurisdiction and authority of the federal district courts to issue writs of habeas corpus to federal prisoners is governed by 28 U.S.C. §§ 2241 and 2255.

28 U.S.C. § 2241 traces its ancestry back to the initial grant of federal-court jurisdiction by Congress. In the Judiciary Act of 1789, the first Congress authorized the federal courts to hear applications for habeas corpus for the purpose of an inquiry into the cause of commitment when a prisoner is "in custody under color of the authority of the United States, or committed for trial before some court of same." Act of Sept. 24, 1789, Ch. 20 § 14, 1 Stat. 81. This provision in the Judiciary Act of 1789 is the direct ancestor of 28 U.S.C. § 2241(c)(1) which today uses almost identical language. *Rasul*, 542 U.S. at 473; *Felker*, 518 U.S. at 659 and n. 1.

For federal prisoners the common law writ of habeas corpus is now codified in and governed by 28 U.S.C. § 2255. *United States v. Hayman*, 342 U.S. 205 (1952); *McDonald*, 2009 WL 1034950, at * 3; *Martin v. Perez*, 319 F.3d 799, 802-03 (6th Cir. 2003); *see also Kaufman v. United States*, 394 U.S. 217, 221-22 (1969); *Sanders v. United States*, 373 U.S. 1, 12-13 (1963). Congress has exercised its power under the Constitution to place certain limits and restrictions on the

jurisdiction of federal courts to adjudicate a federal prisoner's application for post-conviction writ of habeas corpus. 28 U.S.C. §§ 2244 and 2255.

28 U.S.C. § 2255 is the primary avenue for a federal prisoner to seek post-conviction habeas relief by challenging his judgment of conviction or sentence. *Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 755-56. Moreover, 28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, **except as provided in Section 2255**." (Emphasis supplied). Kirkpatrick's first § 2255 motion for post-conviction relief was denied by this Court. 28 U.S.C. § 2244(a) provides that in order to file an application for writ of habeas corpus, Kirkpatrick is required to proceed under 28 U.S.C. § 2255.

Accordingly, Kirkpatrick's first petition will be denied on the ground of lack of jurisdiction. In the absence of either a valid motion under 28 U.S.C. § 2255 or an application for writ of habeas corpus under 28 U.S.C. § 2241, this Court lacks jurisdiction to grant post-conviction relief and issue a writ of habeas corpus to federal prisoner Kirkpatrick. This District Court does not have jurisdiction to issue an "original" writ of habeas corpus based solely on the United States Constitution which is outside of and beyond the jurisdiction conferred Congress pursuant to 28 U.S.C. §§ 2241 and 2255. Furthermore, based on *Felker*, 518 U.S. 651, this Court also concludes that the gatekeeping provisions in 28 U.S.C. §§ 2244 and 2255(h) that restrict and impose reasonable limits on the right of federal prisoner Kirkpatrick to file a second or successive § 2255 motion do not amount to a suspension of the writ of habeas corpus in violation of Article I, § 9, Clause 2 of the

22

United States Constitution.

In *Felker*, 518 U.S. 651, Georgia state prisoner Felker filed a first petition for writ of habeas corpus under 28 U.S.C. § 2254 which was denied. Congress enacted 28 U.S.C. § 2244(b) and its gatekeeping provisions that restrict the right of prisoners to file second or successive habeas corpus applications. The prisoner subsequently made a motion for leave to file a second habeas petition which was denied by the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). Prisoner Felker next filed a pleading in the Supreme Court styled as a petition for writ of habeas corpus and for appellate or certiorari review. The Supreme Court granted certiorari and one of the issues it addressed was whether enforcement of 28 U.S.C. § 2244(b) and the Eleventh Circuit's denial of authorization to file a second federal habeas petition amounted to a suspension of the writ of habeas corpus in violation of Article I, § 9, Clause 2 of the Constitution. The *Felker* Court held that it did not amount to an unconstitutional suspension of the writ of habeas corpus. *Felker*, 518 U.S. at 664.

The *Felker* Court reasoned that the restrictions in 28 U.S.C. § 2244(b) on second or successive prisoner petitions for habeas corpus constitute a permissible, modified *res judicata* rule, i.e. restraints on what is called in habeas corpus practice "abuse of the writ." *Felker*, 518 U.S. at 664. It cited *McCleskey v. Zant*, 499 U.S. 467 (1991), for the proposition that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *Id*. at 489. The *Felker* Court went on to state the added restrictions 28 U.S.C. § 2244(b) that places on second or successive "habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9." *Felker*, 518 U.S. at 664.

This same analysis applies with equal force to Kirkpatrick's case. In the wake of *Felker*, this Court likewise concludes that the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h) that restrict and impose reasonable limits on Kirkpatrick's right to file a second or successive § 2255 motion do not amount to a suspension of habeas corpus in violation of Article I, § 9, Clause 2 of the Constitution. Kirkpatrick's arguments to the contrary are frivolous.

### C.     Second Petition: First Amendment and Petition for Redress of Grievances

Kirkpatrick's second petition [Doc. No. 129], which is mislabeled as a petition for redress of grievances against the United States government under the First Amendment to the United States Constitution, must be dismissed for two reasons: failure to state a viable claim upon which relief can be granted and lack of subject matter jurisdiction. The second petition is predicated on Kirkpatrick's mistaken interpretation of the nature and scope of the First Amendment right to petition the government for redress of grievances.

The First Amendment provides that Congress shall make no law abridging the right of the people "to petition the Government for redress of grievances." This is commonly referred to as the Petition Clause. The right to petition the government for redress of grievances is "cut from the same cloth" as the other guarantees in the First Amendment, and it is "an assurance of a particular freedom of expression." *McDonald v. Smith*, 472 U.S. 479, 482 (1985); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In *McDonald*, 472 U.S. at 482-83, the Supreme Court discusses the historical roots of the Petition Clause which antedate the Constitution.

The purpose of the right to petition is to guarantee that people "may communicate their will" through direct petitions to government officials and the legislature. *McDonald*, 472 U.S. at 482. The government may not infringe upon this right either by a general prohibition against certain

forms of advocacy or by imposing sanctions for the expression of particular views that it opposes. The Petition Clause guarantees only that an individual may "speak freely and petition openly" and that he will be free from retaliation by the government for doing so. *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979) (per curiam).

Although the First Amendment protects Kirkpatrick's right to freedom of expression and to petition the government for redress of grievances, it does not guarantee that there will be any government response to such a petition. The Petition Clause does not require or guarantee that the United States government and the federal courts will take any action to implement a remedy and award any relief demanded by Kirkpatrick. The right to petition the government for redress of grievances does not give Kirkpatrick any right to compel government officials to take affirmative action on his petition, or to adopt the views advocated by him. The First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *Smith*, 441 U.S. at 464-65; *Apple*, 183 F.3d at 479.

Kirkpatrick does not allege and claim that there has been an actual violation or deprivation of his First Amendment right to petition the government for redress of grievances. Instead, he seeks to improperly use what is disguised as a petition for redress of grievances to attack and challenge the validity of his judgment of conviction and demand a writ of habeas corpus. This he cannot do. Kirkpatrick's claims and demands for post-conviction habeas relief fall squarely within the scope of 28 U.S.C. § 2255, and are not cognizable under the guise of a petition for redress of grievances. *United States v. Snow*, 2008 WL 1931560 (E.D. Mich. May 2, 2008) (Federal prisoner's *pro se* petition mislabeled as one for redress of grievances under First Amendment treated as second or successive 28 U.S.C. § 2255 motion where it attacked validity of judgment of conviction and

sentence).  Kirkpatrick cannot utilize a petition for redress of grievances to compel the United States government and the federal courts to grant him post-conviction habeas relief.

A petition to the government for redress of grievances is not the same thing as, or equivalent to, a petition for writ of habeas corpus.  A petition for redress of grievances cannot do service for a 28 U.S.C. § 2255 motion or a petition for writ of habeas corpus.  To seek post-conviction habeas relief, federal prisoner Kirkpatrick is required to make a 28 U.S.C. § 2255 motion.

Kirkpatrick does not cite any legal authority on point that allows him to utilize the First Amendment right to petition the government for redress of grievances as an alternative to 28 U.S.C. § 2255.  There is no precedent where a federal court has ever awarded post-conviction habeas relief to a federal or state prisoner via the Petition Clause in the First Amendment.  The right to petition the government for redress of grievances it is not an independent source of post-conviction habeas relief for federal prisoners.

In sum, the second petition fails to state a claim upon which relief can be granted. Kirkpatrick cannot obtain post-conviction habeas relief – vacate the judgment of conviction and release from imprisonment – by means of a petition for redress of grievances against the United States government.  To seek post-conviction relief, Kirkpatrick is required to make a motion pursuant to 28 U.S.C. § 2255.  Congress enacted 28 U.S.C. §§ 2244 and 2255 to provide for and govern motions by federal prisoners for post-conviction habeas relief.  It would "wholly frustrate explicit congressional intent" if Kirkpatrick could evade the application and enforcement of these statutes by the simple expedient of putting a different, incorrect label on his petition such as a petition for redress of grievances.  *Preiser*, 411 U.S. at 489-90.

Moreover, the Court will *sua sponte* dismiss Kirkpatrick's second petition on the ground of

lack of subject matter jurisdiction. In *Apple*, 183 F.3d 477, a *pro se* plaintiff brought a frivolous suit under 42 U.S.C. § 1983 against a United States Senator, Chief Justice of the United States Supreme Court, and other government officials claiming that they had violated the plaintiff's First Amendment right to petition the government for redress of grievances when the government officials did not answer his many letters or take the action requested in those letters. The Sixth Circuit affirmed the district court's judgment dismissing the complaint on the ground of lack of subject matter jurisdiction. The Sixth Circuit reasoned that a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the allegations in the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. The Sixth Circuit relied on *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction), and *In re Bendectin Litigation*, 857 F.2d 290, 300 (Cir. 1988).

The present case is analogous to and indistinguishable from *Apple*. The claims and demands for post-conviction habeas relief set forth in Kirkpatrick's second petition, disguised and mislabled as a petition for redress of grievances, are entirely frivolous and implausible. Kirkpatrick cannot obtain post-conviction habeas relief and circumvent 28 U.S.C. § 2255 by making a petition to the United States government for redress of grievances. *Apple*, 183 F.3d at 479, teaches us that Kirkpatrick's petition for redress of grievances should be dismissed for lack of subject matter jurisdiction.

V.  **Conclusion**

The two *pro se* petitions by federal prisoner Kirkpatrick [Doc. Nos. 128, 129] will be

**DENIED and DISMISSED WITHOUT PREJUDICE**.  If Kirkpatrick intends to seek post-conviction relief by challenging the validity of his judgment of conviction, he is required to make a motion under 28 U.S.C. § 2255.  Before Kirkpatrick may file a second or successive § 2255 motion, he is required by 28 U.S.C. §§ 2244(b)(3) and 2255(h) to obtain  authorization from the Sixth Circuit Court of Appeals.  A separate order will be entered.

ENTERED this the 28th day of August, 2009.


_____*/s/ R. Allan Edgar*_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE